The Honorable

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

MICROSOFT CORPORATION,
a Washington Corporation,

              Plaintiff,

    v.

ALF TEMME, individually and d/b/a
ROMFAB, LARS TEMME, individually
and d/b/a ROMFAB, METALFAB
OPERATIONS, INC. d/b/a ROM FAB and
f/k/a ROMFAB OPERATIONS, INC., and
DOES 1 through 20.

              Defendants.

Case No.

**COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF**

Plaintiff Microsoft Corporation ("Microsoft") brings this action against DEFENDANTS

ALF TEMME, individually and d/b/a ROMFAB, LARS TEMME, individually and d/b/a

ROMFAB, METALFAB OPERATIONS, INC. d/b/a ROM FAB and f/k/a ROMFAB

OPERATIONS, INC., and DOES 1 through 20 (each a "Defendant" and collectively,

"Defendants") and alleges as follows:

## I.    JURISDICTION AND VENUE

1.    This is a complaint for an injunction, damages and other appropriate relief to stop

Defendants from violating Microsoft's trademark and service mark rights by registering Internet

COMPLAINT FOR DAMAGES AND EQUITABLE
RELIEF

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300

1  domain names that are identical or confusingly similar to Microsoft's trademarks and service

2  marks, and by using those domain names in bad faith to profit from Microsoft's marks.  In this

3  action, Microsoft alleges:  (1) Violations of the Anti-Cybersquatting Consumer Protection Act, 15

4  U.S.C. § 1125(d); (2) Trademark Infringement, 15 U.S.C. § 1114(1); (3) False Designation of

5  Origin, 15 U.S.C. § 1125(a); (4) Trademark Dilution, 15 U.S.C. § 1125(c); (5) Unfair Business

6  Practices, RCW § 19.86 *et seq*.; (6) Unfair Competition under Washington common law; and

7  (7) Unjust Enrichment under Washington common law.

8      2.      This Court has subject matter jurisdiction over Microsoft's claims pursuant to

9  15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

10     3.      This Court has personal jurisdiction over Defendants, who have engaged in

11 business activities in and directed to this district and have committed a tortious act within this

12 district.

13     4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial

14 part of the events or omissions giving rise to Microsoft's claims occurred in this judicial district.

15                          **II.      THE PARTIES**

16     5.      Plaintiff Microsoft is a Washington corporation with its principal place of business

17 in Redmond, WA.

18     6.      On information and belief, Defendant Alf Temme is a resident of the State of

19 California who lives in the United States as a legal resident alien.  On further information and

20 belief, Alf Temme does business under one or more fictitious business names, including

21 "ROMFAB," an unincorporated sole proprietorship located at 8137 Lankershim Boulevard, North

22 Hollywood, CA 91605.  On further information and belief, Alf Temme registered, used, owns or

23 co-owns the Infringing Domain Names (*see infra*, Paragraph 23) and/or Defendants' Website (*see*

24 *infra*, Paragraph 24).

25     7.      On information and belief, Defendant Lars Temme is a citizen and resident of the

26 State of California, and resides at 18427 Arminta Street, Reseda, CA 91335.  On further

27 information and belief, Lars Temme does or has done business under one or more fictitious

28

COMPLAINT FOR DAMAGES AND EQUITABLE
RELIEF                                                2

Orrick Herrington & Sutcliffe LLP
701 5th Ave, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300

business names, including "ROMFAB," located at 8137 Lankershim Boulevard, North Hollywood, CA 91605.  On further information and belief, Lars Temme registered, used, owns or co-owns the Infringing Domain Names and/or Defendants' Website.

8.    On information and belief, Defendant Metalfab Operations, Inc., formerly known as Romfab Operations, Inc., is a corporation organized under the laws of California, with a principal place of business at 14831 Bessemer Street, Van Nuys, CA 91411, and for whom Alf Temme serves as the Chief Executive Officer, Chief Financial Officer, Secretary, sole Director, and registered agent.  On further information and belief, Metalfab Operations, Inc. does business under one or more fictitious business names, including "ROM FAB," located at 14831 Bessemer Street, Van Nuys, CA 91411.  On further information and belief, Metalfab Operations, Inc. registered, used, owns or co-owns the Infringing Domain Names and/or Defendants' Website.

9.    Microsoft is unaware of the true names and capacities of the Defendants sued herein as Does 1 through 20, but alleges on information and belief that each of them is in some way responsible for the wrongs alleged herein.  Microsoft will amend this complaint to plead their true names and capacities when ascertained.

10.   Microsoft is informed and believes, and thereupon alleges, that each of the Defendants is, and at all times mentioned herein was, the agent of each of the other Defendants in that at all time herein mentioned each of the Defendants was authorized and empowered by each of the other Defendants to act, and did act, as the principal or agent of each of the other Defendants.  Microsoft further alleges that each and every allegation regarding Defendants contained herein was done by each Defendant in the course and scope of said agency and in the capacity of and as principal or agent for, each of the other Defendants and with the permission and consent of each co-Defendant.

### III.    MICROSOFT'S BUSINESS AND TRADEMARKS

11.   Microsoft is a world leader in the development of software and related products for a wide variety of personal, business, government, and academic uses.  Microsoft offers a broad range of products and services, including, but not limited to, Internet and electronic mail services

1  such as MSN and Windows Live Hotmail services, to name a few.

2       12.    Microsoft owns registrations for a number of trademarks and service marks that it

3  uses to identify its products and services in the marketplace.  Among the marks owned by

4  Microsoft are the following registered marks (collectively the "Microsoft Marks"): HOTMAIL®

5  and MSN®.  Microsoft has spent millions of dollars promoting the goods and services under the

6  Microsoft Marks, and millions of people are using the goods and services associated with those

7  marks.

8       13.    Since at least July 4, 1996, Microsoft's predecessor used in commerce the service

9  mark HOTMAIL® to promote electronic mail services as well as to promote the goods and

10  services of others by placing advertisements and promotional displays in an electronic site

11  accessed through computer networks and by delivering advertisements and promotional materials

12  to others via electronic mail.

13       14.    On April 10, 1997, Microsoft's predecessor applied to register the HOTMAIL

14  mark.  On June 16, 1998, the United States Patent and Trademark Office issued Registration No.

15  2,165,601 to Microsoft's predecessor for the HOTMAIL mark for advertising and marketing

16  services, namely, promoting the goods and services of others by placing advertisements and

17  promotional displays in an electronic site accessed through computer networks and by delivering

18  advertisements and promotional materials to others via electronic mail.  See Exhibit 1.  This

19  registration was assigned to and is solely owned by Microsoft and is valid, subsisting, and

20  incontestable under 15 U.S.C. § 1065.

21       15.    The HOTMAIL mark is a famous mark, broadly recognized as a brand identifier

22  for Microsoft's services provided under that mark.

23       16.    Since at least March 7, 1995, Microsoft has used in commerce the trademark and

24  service mark MSN® to promote computer hardware and software products as well as for a broad

25  array of on-line information and electronic communication services.

26       17.    Microsoft owns the following United States Trademark Registrations for its MSN

27  mark in connection with the following goods and services, which as listed below reflect any

28

COMPLAINT FOR DAMAGES AND EQUITABLE
RELIEF                                                4

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300

updates made through statutory maintenance filings:

| Reg. No. | Reg. Date | Goods and Services |
|----------|-----------|--------------------|
| 2,153,763 | 4/28/1998 | Computer programs for transmitting and receiving electronic mail, text graphics, audio, video and other data from a remote computer network and for accessing global communications networks; computer programs for accessing interactive games and on-line shopping services; computer programs for accessing information in a wide variety of fields including news, entertainment, music, travel, investments, sports, computers, parenting, and general reference information. |
| 2,191,997 | 9/29/1998 | Providing information concerning travel and travel-related subjects over computer networks and global communication networks; providing information concerning motor vehicles over computer networks and global communication networks. |
| 2,191,998 | 9/29/1998 | Providing information in the fields of investment and finance over computer networks and global communication networks. |
| 2,201,105 | 11/3/1998 | Providing information in a wide variety of non-music related fields over computer networks and global communication networks; providing general reference information over computer networks and global communication networks; providing information concerning parenting and children's health, nutrition, and well being over computer networks and global communication networks; providing information concerning computers and computer software over computer networks and global communication networks; providing access to computer data bases and web sites of others in various fields by means of a global communications network; providing bulletin board services and chat services by means of global communication networks; electronic mail services. |
| 2,342,096 | 4/18/2000 | Computerized on-line retail services in the field of general merchandise such as books, clothing, cars, computers, software, gifts, groceries and food, toys, music, electronics, and games; providing retail shopping information, including retailer guides, gift finders and gift reminders, via a global communication network; promoting the on-line retail shopping services of others through advertising. |
| 2,352,114 | 5/23/2000 | Providing interactive on-line computer games over computer networks and global communication networks. |
| 2,418,517 | 1/9/2001 | Providing information in the fields of movies and sports via a global |

| Reg. No. | Reg. Date | Goods and Services |
|---|---|---|
| | | computer network. |
| 2,498,608 | 10/16/2001 | Shirts, vests, sweatshirts, shorts, jackets, caps, coats. |
| 2,565,513 | 4/30/2002 | Toys, namely, plush toys, soft sculptured toys. |
| 2,600,020 | 7/30/2002 | [Multiple services in international classes 35, 36, 38, 39, 41, and 42. See Exhibit 2 for detailed list.] |
| 2,608,310 | 8/13/2002 | Computer hardware and peripherals, namely, interface devices for accessing global computer networks; computer operating system software for real-time video games; computer software programs for accessing global computer networks; computer software programs for electronic on-line browsing; computer graphical utilities programs; computer software programs for video image compression and decompression; computer software programs for word text editing; and computer software programs for text management. |
| 2,751,320 | 8/12/2003 | Informational flyers, pamphlets, instructional manuals, user guides and reference guides, all in the field of television and global communication network entertainment and access and equipment therefor. |
| 2,792,781 | 12/9/2003 | Computer communication services offered to television viewers, namely, providing multiple-user access to a global computer information network; electronic mail services; web messaging; providing chat rooms for the transmission of messages among internet users concerning topics of general interest, television programming and related topics, entertainment, sports and news; electronic on-line services providing a communications link to global interactive networks for the transfer and transmission of messages, documents, images, music, games and data. |

*See* Exhibit 2. Each of the above-listed registrations for the MSN mark is valid, subsisting, and incontestable under 15 U.S.C. § 1065.

18.    The MSN mark is a famous mark, broadly recognized as a brand identifier for Microsoft's various goods and services provided under that mark.

19.    The Microsoft Marks, as well as others owned by Microsoft, are used in interstate commerce by Microsoft in connection with the sale, offering for sale, distribution, and advertising

of Microsoft's products and services.  The Microsoft Marks are distinctive and famous and were

distinctive and famous at the time of all acts alleged herein.  As a result of Microsoft's enormous

investment in developing world-class products and services and promoting those products and

services under the Microsoft Marks, the Microsoft Marks have developed extensive goodwill in

the market.  Accordingly, the Microsoft Marks are extremely valuable and important to

Microsoft.

## IV.    MICROSOFT'S INTERNET PRESENCE

20.    Microsoft also maintains a substantial presence on the Internet.  Via the Internet,

Microsoft advertises its products and services, transacts business with its customers, offers its

customers access to many of its services, and provides product support, among other things.

21.    In order to provide its customers with easy access to its online products and

services, Microsoft has registered a number of Internet domain names.  Many of these domain

names correspond to Microsoft's trademarks and service marks.  Examples of such domain names

are <hotmail.com> and <msn.com>.

22.    Each of these domain names, as well as others registered to Microsoft, resolves to

a Microsoft-created website that provides Microsoft's customers with information related to

Microsoft's products and services.  These websites generate business and goodwill for Microsoft

and allow Microsoft to develop and maintain relationships with its customers.

## V.    DEFENDANTS' UNLAWFUL ACTIONS

23.    Defendants are or have been the owners, registrants and/or users of numerous

Internet domain names that contain or consist of Microsoft's Marks or misspellings of those

marks.  Because computer users sometimes mistakenly misspell words, cybersquatters and

infringers such as Defendants often register domains consisting of misspellings of trademarks so

that they can usurp traffic intended for the legitimate owner of the marks.  This practice is

commonly referred to as "typosquatting."  The domain names registered by Defendants that

contain or consist of Microsoft's Marks or misspellings of those marks are hereinafter referred to

as the "Infringing Domain Names."  A representative, though not necessarily exhaustive, list of

COMPLAINT FOR DAMAGES AND EQUITABLE
RELIEF

7

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300

24 of Defendants' Infringing Domain Names is attached hereto as Appendix A.

24.    The Infringing Domain Names are identical or confusingly similar to Microsoft's marks. The Infringing Domain Names do not resolve to websites owned or endorsed by Microsoft. Rather, they presently resolve or at one time resolved to <fastexercise.com>, a website registered and controlled by Defendants ("Defendants' Website"). A printout of Defendants' Website is attached as Exhibit 3.

25.    The Infringing Domain Names redirect users to Defendants' Website, which promotes and sells Defendants' exercise equipment such as the ROM "Time Machine," which purportedly allows users to "Exercise in exactly 4 minutes per day!" *See* Exhibit 3. When consumers looking for a Microsoft website land on Defendants' Website, they are likely to believe mistakenly that Microsoft has authorized or endorsed the product being advertised. Importantly, those persons have been diverted from the Microsoft website they were seeking to visit, and Microsoft has lost that opportunity to interact with the users, as well as good will and potential sales of its products and services.

26.    Defendants use the Infringing Domain Names with an intent to profit from the Microsoft Marks. For example, by utilizing the Infringing Domain Names, Defendants try to direct traffic to their website for the purpose of increasing sales of their exercise equipment and their profits.

27.    Defendants are not affiliated with or sponsored by Microsoft and have not been authorized by Plaintiff to use the Microsoft Marks. Defendants have not now or ever been authorized by Plaintiff to use or register any name or mark that includes the Microsoft Marks.

28.    Defendants' registration, trafficking, and/or use of the Infringing Domain Names is primarily to capitalize on the goodwill associated with the Microsoft Marks.

## FIRST CLAIM FOR RELIEF
**(Cybersquatting Under the Anti-Cybersquatting Consumer Protection Act –
15 U.S.C. § 1125(d))**

29.    Microsoft realleges and incorporates by this reference each and every allegation

set forth in paragraphs 1 through 28 above.

30.    The Microsoft Marks were distinctive at the time Defendants registered the Infringing Domain Names and remain distinctive today.

31.    The Microsoft Marks were famous at the time Defendants registered the Infringing Domain Names and remain famous today.

32.    The Infringing Domain Names are identical or confusingly similar to or dilutive of the Microsoft Marks.

33.    Defendants have registered, trafficked in, and/or used the Infringing Domain Names with bad faith intent to profit from the Microsoft Marks.

34.    As a result of their wrongful conduct, Defendants are liable to Microsoft for violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

## SECOND CLAIM FOR RELIEF
### (Trademark Infringement Under the Lanham Act – 15 U.S.C. § 1114 *et. seq.*)

35.    Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 34 above.

36.    Defendants have used the Microsoft Marks in interstate commerce.

37.    Defendants' use of the Microsoft Marks is likely to cause confusion, or to cause mistake, or to deceive.

38.    Defendants' wrongful and unauthorized use of the Microsoft Marks and counterfeits of the Microsoft Marks to promote, market, or sell products and services constitutes trademark infringement pursuant to 15 U.S.C. § 1114 *et seq.*

## THIRD CLAIM FOR RELIEF
### (False Designation of Origin Under the Lanham Act – 15 U.S.C. § 1125(a))

39.    Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 38 above.

40.    Defendants' use of the Microsoft Marks in connection with goods or services in commerce is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation,

connection, or association of Defendants with Microsoft, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities with Microsoft.

41.    As a result of their wrongful conduct, Defendants are liable to Microsoft for violation of 15 U.S.C. § 1125(a).

## FOURTH CLAIM FOR RELIEF
### (Dilution Under the Lanham Act – 15 U.S.C. § 1125(c))

42.    Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 41 above.

43.    Defendants' use of one or more of the Microsoft Marks in commerce commenced after such marks became famous within the meaning of 15 U.S.C. § 1125(c).

44.    Defendants' use of the Microsoft Marks in commerce is likely to cause dilution by blurring or dilution by tarnishment of the Microsoft Marks.

45.    Upon information and belief, Defendants willfully intended to trade on the recognition of the Microsoft Marks.

46.    Upon information and belief, Defendants willfully intended to harm the reputation of the Microsoft Marks.

47.    As a result of their wrongful conduct, Defendants are liable to Microsoft for violation of 15 U.S.C. § 1125(c).

## FIFTH CLAIM FOR RELIEF
### (Unfair Business Practices - RCW § 19.86 *et seq.*)

48.    Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 47 above.

49.    Defendants' use of the Microsoft Marks to promote, market, or sell products and services constitutes an unfair business practice pursuant to RCW § 19.86 *et seq*.  Defendants' use of the Microsoft Marks is an unfair or deceptive practice occurring in trade or commerce that impacts the public interest and has caused injury to Microsoft.

50.    Defendants' actions violate RCW Ch. 19.86 *et seq.*

## SIXTH CLAIM FOR RELIEF
### (Washington Common Law Unfair Competition)

51.    Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 50 above.

52.    Defendants' use of the Microsoft Marks has infringed on their distinctive features in a manner that tends to confuse, in the public mind, Microsoft's products and/or advertising with the products and/or advertising of others.

53.    The acts of Defendants complained of herein constitute unfair competition in violation of Washington common law.

## SEVENTH CLAIM FOR RELIEF
### (Washington Common Law Unjust Enrichment)

54.    Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 53 above.

55.    The acts of Defendants complained of herein constitute unjust enrichment of Defendants at Microsoft's expense in violation of Washington common law.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully requests that the Court enter judgment against Defendants as follows:

1.    That the Court issue temporary and permanent injunctive relief against Defendants, and that Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assignees, and all others in active concert or participation with Defendants, be enjoined and restrained from:

a)    infringing Microsoft's trademarks and service marks;

b)    using Microsoft's trade names, trademarks, or service marks, or any version thereof, in connection with the description, marketing, promotion, advertising, or sale of products or services not associated with or approved by Microsoft;

COMPLAINT FOR DAMAGES AND EQUITABLE
RELIEF

11

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300

1          c)     registering, using, or trafficking any domain names that are identical or

2                 confusingly similar to Microsoft's marks, including but not limited to

3                 domain names containing Microsoft's marks and domain names containing

4                 misspellings of Microsoft's marks;

5          d)     assisting, aiding, or abetting any other person or business entity in

6                 engaging in or performing any of the activities referred to in subparagraphs

7                 a) through c) above.

8      2.     That the Court order the forfeiture or cancellation of the Infringing Domain Names

9   or the transfer of the Infringing Domain Names to Microsoft;

10     3.     That the Court award Microsoft all damages caused by Defendants' unlawful acts;

11     4.     That the Court award Microsoft treble damages as provided by law;

12     5.     That the Court award Microsoft all gains, profits, and advantages derived by

13   Defendants from their unlawful acts;

14     6.     That the Court award Microsoft treble the gains, profits, and advantages derived

15   by Defendants from their unlawful acts;

16     7.     That the Court award Microsoft statutory damages of $100,000 for each Infringing

17   Domain Name;

18     8.     That the Court award Microsoft its attorneys' fees and costs incurred herein,

19   including prejudgment and post-judgment interest; and

20     9.     That the Court grant Microsoft all other relief to which it is entitled and such other

21   or additional relief as is just and proper.

22                          **DEMAND FOR JURY TRIAL**

23          Plaintiff Microsoft hereby demands a trial by jury in this action.

| DATED March 11, 2010 | Respectfully submitted,<br>Orrick, Herrington & Sutcliffe LLP |
|---|---|
| | By: _____ */s/ Mark Parris*_____ |
| | Mark Parris (Bar No. 13870) |

COMPLAINT FOR DAMAGES AND EQUITABLE
RELIEF                                          12

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300

1
2
3

| | Jeffrey Cox (Bar No. 37534) |
| | |
| | *Attorneys for Plaintiff* <br> MICROSOFT CORPORATION |

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR DAMAGES AND EQUITABLE
RELIEF

13

**Appendix A – Defendants' Infringing Domain Names**

ho0tmail.com
hotma9l.com
hnotmail.com
hlotmail.com
hotmajil.com
hotmaipl.com
ho6mail.com
ho9tmail.com
hotma8l.com
hotgmail.com
hot5mail.com
hogtmail.com
hotma9il.com
hbotmail.com
hoftmail.com
ho6tmail.com
hotmailp.com
hotmawil.com
hotmzail.com
h9tmail.com
hotmauil.com
hotmakil.com
h9otmail.com
mzsn.com

OHS West:260817144.3

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300